UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KENNETH GALVIN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff | ) |  |
|  | ) | CAUSE NO. 3:08-CV-424 RM |
| v. | ) |  |
|  | ) |  |
| LaPORTE COUNTY JAIL, | ) |  |
|  | ) |  |
| Defendant | ) |  |

OPINION AND ORDER

Kenneth Galvin, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. __, __; 127 S. Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* FED. RULE CIV. PROC. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Erickson v. Pardus, 550 U.S. __, __; 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1965, *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Mr. Galvin alleges that while he was a pre-trial detainee, he was attacked by a fellow inmate at the LaPorte County Jail. Though the Eighth Amendment's proscription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and

2

pretrial detainees under the Eighth and Fourteenth Amendments" is the same. Palmer v. Marion County, 327 F.3d 588, 593 (7th Cir. 2003).

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). When one inmates attacks another, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . . ." Haley v. Gross, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991). Negligence doesn't satisfy the "deliberate indifference" standard, Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir. 1994), and it isn't enough to show that a prison guard merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995).

Mr. Galvin alleges that his attacker was known to be a paranoid schizophrenic with a history of having attacked other inmates and guards. He alleges that the classification policies were inadequate to protect him. He does not allege, and based on this complaint it would not be reasonable to infer, that he communicated a specific threat to jail officials or that they otherwise knew of a specific threat. Without such an allegation, this complaint does not state a claim.

> Klebanowski testified during his deposition that he told officers twice on September 8 that he was afraid for his life and he wanted to be transferred off the tier. Those statements, and the officers' knowledge of the first beating, are the only pieces of evidence in the record that can assist Klebanowski in his attempt to show that the officers were aware of any risk to him. We have previously held that statements like those made by Klebanowski are insufficient to alert officers to a specific threat. Butera, 285 F.3d at 606 (deeming insufficient to establish deliberate indifference statements by a prisoner that he was "having problems in the block" and "needed to be removed"). In Butera, we deemed the inmate's statements insufficient to give notice to the officers because they did not provide the identities of those who threatened the inmate, nor state what the threats were. *Id.*
>
> The facts of this case make clear our reason for requiring more than general allegations of fear or the need to be removed. By Klebanowski's own testimony, the officers knew only that he had been involved in an altercation with three other inmates, and that he wanted a transfer because he feared for his life. He did not tell them that he had actually been threatened with future violence, nor that the attack on September 8 was inflicted by gang members because of his non-gang status. Without these additional facts to rely on, there was nothing leading the officers to believe that Klebanowski himself was not speculating regarding the threat he faced out of fear based on the first attack he suffered. This lack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference.

Klebanowski v. Sheahan, ___ F.3d ___, ___; 2008 U.S. App. LEXIS 18760, 16-17; 2008 WL 4051038 (7th Cir. 2008) (footnote omitted).

> Prisons are dangerous places. Housing the most aggressive among us, they place violent people in close quarters. Those who have difficulty conforming to society's norms outside prison may find obedience no more attractive inside -- and the threat of punishment for violence is diminished for one already serving a long term.

McGill v. Duckworth, 944 F.2d 344, 345 (7th Cir. 1991).

> Some level of brutality and sexual aggression among [prisoners] is inevitable no matter what the guards do. Worse: because violence is inevitable unless all prisoners are locked in their cells 24 hours a day and sedated (a "solution" posing constitutional problems of its own) it will always be possible to say that the guards "should have known" of the risk.

> Indeed they should, and do. Applied to a prison, the objective "should have known"" formula of tort law approaches absolute liability, rather a long distance from the Supreme Court's standards in Estelle and its offspring.

McGill v. Duckworth, 944 F.2d 344, 348 (7th Cir. 1991).

Mr. Galvin's complaint alleges what McGill explained nearly two decades ago: jail officials know that dangerous, violent people are housed together in close quarters. It alleges that officers should have speculated as to the threat posed by his attacker, but that doesn't state a claim of deliberate indifference. Knowing that an inmate has attacked others in the past is not specific knowledge that he will attack again. As Klebanowski explained, even twice requesting a transfer because of a fear of death following being attacked by three fellow inmates is insufficient to state a claim.

For the foregoing reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: September  23 , 2008

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court